UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-550 SNLJ |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court will dismiss several allegations in plaintiff's complaint as a result of plaintiff's failure to exhaust his administrative remedies with respect to these claims.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. Plaintiff alleges that he was discriminated against in the terms and conditions of his employment, as well as discriminatory termination and retaliation and harassment. Plaintiff generally alleges discrimination based on his race, religion, color and gender, pursuant to Title VII. Plaintiff's charge of discrimination, however, refers only to religious discrimination.

## Discussion

"[T]he sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) *quoting Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir. 1985). "Allegations outside the scope of the EEOC charge...circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000); *see also, Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004) (noting that a plaintiff's claims must be like or reasonably related to the claims outlined in the administrative charge).

Plaintiff's claims of discrimination on the basis of his race, color and gender are not like or reasonably related to the claims of religious discrimination plaintiff made in his charge of discrimination. *Duncan,* 371 F.3d at 1024; *Mathews v. St. Louis University,* 2006 WL 269992, No. 4:05CV1488 JCH (E.D. Mo. February 1, 2006). Additionally, plaintiff failed to check the box for retaliation or indicate that he felt that he was subjected to a hostile work environment while he was at Schneider National, Inc. Therefore, these claims are also subject to dismissal. *Id.*

As a result, plaintiff's claims of race, color and gender discrimination, as well as his claims of harassment/hostile work environment and retaliation, brought pursuant to Title VII, will be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims under Title VII of the Civil Rights Act of 1964, of race, color and gender discrimination are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims under Title VII of the Civil Rights Act of 1964, of hostile work environment/harassment and retaliation are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 25th Day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE