UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19cv550 SNLJ |
| | ) |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

Plaintiff, acting *pro se*, claims his former employer, defendant Schneider National Carriers, Inc., discriminated against him with respect to his employment. Plaintiff's claims of race, color, and gender discrimination, as well as his claims of harassment/hostile work environment, were dismissed sua sponte by this Court pursuant to 28 U.S.C. § 1915(e) for failure to exhaust administrative remedies. Plaintiff's claim for religious discrimination remains, and the complaint was served on Jason Wood, a manager at defendant's Edwardsville, Illinois facility on April 10, 2019. Included with the summons were the complaint, the memorandum and order dismissing the non-religious discrimination claims, and the order of partial dismissal.

On May 7, plaintiff filed a motion for entry of clerk's default against defendant (#9). Counsel for defendant entered an appearance on May 10 and filed a motion for extension of time to respond to the complaint (#11) and an opposition to the motion for entry of clerk's default. Federal Rule of Civil Procedure 6(b)(1)(B) provides that this

Court may grant extensions of time "on motion made after the time has expired if the party failed to act because of excusable neglect." This Court considers the danger of prejudice to the non-moving party, the potential impact on the proceedings, the reason for delay and whether the party acted in good faith. *See Zzipline, LLC v. Sols. Group, Inc.*, 4:12CV994 JAR, 2012 WL 3150584, at *1 (E.D. Mo. Aug. 2, 2012).

Counsel explains that defendant failed to answer the complaint due to excusable neglect because of confusion regarding the requirement of a response in light of the partial dismissal and a miscalculation of the response deadline. Defendant's requested extension is short, and defendant acted in good faith when it immediately retained counsel and sought an extension when it realized its mistake. Notably, plaintiff has not responded to the motion for extension.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for extension of time to file a response to the complaint (#11) is GRANTED.

**IT IS FURTHER ORDERED** that defendant shall have until June 7, 2019 by which to file a response to the complaint.

Dated this  29th  day of May, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE