# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19cv550 SNLJ |
| | ) |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Plaintiff, acting *pro se*, filed a complaint for employment discrimination against his former employer, defendant Schneider National Carriers, Inc. Plaintiff's claims of race, color, and gender discrimination, as well as his claims of harassment/hostile work environment, were dismissed *sua sponte* by this Court pursuant to 28 U.S.C. § 1915(e) for failure to exhaust administrative remedies. Plaintiff's claim for religious discrimination remains. Defendant has moved to dismiss the remaining claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (#15.) The matter is fully briefed. The Court will deny the motion for the reasons explained below.

**I.      Factual Background**

Plaintiff filed his complaint on a form provided by the Court for employment discrimination claims. He checked that he brings this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. He also checked that his

claim involves termination of his employment, that the terms and conditions of his employment differ from those of similar employees, retaliation, and harassment. He checked that he believes he was discriminated against on the basis of his race, religion, color, and gender. As indicated above, only his religion-based claims remain in this case.

In the narrative section of the complaint, plaintiff states that his supervisor, Jack Falina, was not physically present on the job site, but that he was ordered to report only to Falina. Plaintiff had been recently hired by defendant and was being trained to operate a Moffitt Machine, which is similar to a forklift. Plaintiff said he was not allowed to work at all unless he received approval from Falina. He states he tried to contact Falina by phone for a week before Falina, who had been on leave to attend a funeral, answered his phone. Plaintiff complained to Falina that Falina had not left someone else in charge to finish plaintiff's training. Plaintiff states that Falina

> became upset and stated that I wasn't committed to the job… I explained to Jack that my whole purpose for calling him, and the very fact that I work for Schneider was because I wanted to work. Jack stated that he didn't think I was willing to "bust my ass" for his account, and that he had "no more work" for me!!! Stating that it shouldn't have taken so long for training to be completed. I asked Jack if [*illegible*] could speak to me with respect, as I speak to him with respect via Christ's command of love your neighbor as yourself. Again Jack stated that he was "done with me" and that he had "no more work for me"!!! I asked for written decision of Jack's position but Jack declined and hung up the phone. I then spoke with H. Connelly as well as Human Resources, trying to resolve this matter. I was told by both parties that Jack is my (DBL) Driver Business Leader, and he makes the final decision on the matter. At that point, I contacted the Missouri Division of Employment.[1]

---

[1] The plaintiff used ellipses (…) instead of periods to conclude many of his sentences. To avoid confusion, *i.e.*, the suggestion that the Court omitted portions of the quoted material, the Court replaced the ellipses with periods.

Plaintiff attached to his complaint his Charge of Discrimination that he filed with the Illinois Department of Human Rights. He states in that document that on November 21, 2018, he was informed by Falina that

> I needed to "bust my ass" when on the clock. I informed Jack that I was offended by the language being used because of my religion, and I would feel more comfortable if he didn't address me in that manner. Jack stated, "I'm done with you I have no more work for you", in response terminating my employment….
>
> …I believe that I was discharged due to my religion-Footstep Follower of Christ.

Defendant filed the instant motion to dismiss under Rule 12(b)(6).

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir.

2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendant contends plaintiff does not set forth a facially plausible claim under Title VII for religious discrimination. A disparate treatment case based on religion requires a plaintiff to show that he was treated less favorably than others because of his religious beliefs. *Mann v. Frank*, 7 F.3d 1365, 1370 (8th Cir.1993) (citing *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). To establish a *prima facie* case, a plaintiff must show that (1) he is a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the protected class were treated differently. *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005). Defendant argues that plaintiff fails to allege any facts suggesting that religion had anything to do with any employment decision regarding plaintiff.

Indeed, although plaintiff alleges that he asked Falina to speak to him with respect and invoked Christ in doing so, the complaint alleges that Falina told plaintiff he had no work for him <u>before</u> plaintiff invoked anything related to his religion. After plaintiff mentioned his religion, he alleges that Falina again told him that there was no work for him. Plaintiff suggests, in his response memorandum, that in fact Falina did not say there was no work for him until <u>after</u> plaintiff invoked his faith. Plaintiff states in his state charge of discrimination, which is attached to the complaint, that Falina said plaintiff was not willing to "bust his ass" for the job, and that was when plaintiff asked him to be more

4

respectful as a result of his faith.  Following his invocation of his religion, plaintiff says, Falina told him he had no work for him.  Plaintiff's filing with the state thus suggests that plaintiff was "fired" after he invoked his religion.

This Court is skeptical of this claim and would have no hesitation in granting the motion to dismiss if it were clear that defendant expressed there was no more work for plaintiff before the plaintiff raised his faith.  In the first place, it is altogether unclear that the plaintiff "invoked his religion" merely by asking whether "Jack…could speak to me with respect, as I speak to him with respect via Christ's command of love your neighbor as yourself."  In addition, it was plaintiff, rather than defendant, who inserted the issue of religion into their argument.   Even if plaintiff's request did invoke his religion, and even if it occurred before plaintiff was told there was no work for him, these bare allegations appear too tenuous to hold defendant responsible for discrimination.  However, out of an abundance of caution, and in light of the legal standard that the Court accept plaintiff's allegations "as true and draw all reasonable inferences in favor of" plaintiff, this Court holds that plaintiff has stated a claim for religious discrimination in that he alleges he was fired immediately after bringing up his faith.

Defendant also argues that plaintiff did not allege that similarly-situated employees outside the protected class were treated differently.  However, "it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case" at the motion to dismiss stage, because "if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).

Finally, the Court notes that plaintiff, in response to defendant's reply memorandum, filed a "motion to deny defendant's reply." Plaintiff also filed a "supplemental reply" memorandum. The Court will treat both documents as sur-reply memoranda. The motion to "deny defendant's reply" is denied, as no such relief is available. To the extent plaintiff seeks to strike the defendant's reply memorandum, he provides no reason to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#15) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to deny defendant's reply (#20) is DENIED.

Dated this  9th  day of September, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE