UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-00550 MTS |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (ECF No. 37). The matter is fully briefed and ready for disposition.

## DISCUSSION

On May 29, 2020, Plaintiff, acting pro se, filed a Motion for Summary Judgment[1] along with, at least nominally, a Memorandum in Support. (ECF No. 37). Defendant responded to the Motion for Summary Judgment on June 15, 2020 and noted that the Motion and Memorandum in Support failed to comply with Federal Rule of Civil Procedure 56 and Local Rule 7-4.01. (ECF. No. 40). Defendant argued that because the filings did not comply with those rules, Defendant could not determine what material facts Plaintiff believes are uncontroverted or what argument he advanced in support of his Motion. *Id.* Defendant also argued that the Motion should be denied since Plaintiff did not submit "any admissible evidence of religious discrimination." *Id.*

A court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Correia v. Jones*, 943 F.3d 845, 847 (8th Cir. 2019). Under Rule 56(c),

---

[1] The Motion was not titled but stated it was filed "[p]ursuant to Rule 56 of Federal Rules of Civil Procedure" and that Plaintiff "Motion[ed] this Honorable Court for Summary Judgment."

a party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Additionally, Local Rule 7-4.01 requires that a party moving for summary judgement "file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." LR 7-4.01(A). A "memorandum in support of a motion for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts . . . . The Statement of Uncontroverted Material Facts must set forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s)." LR 7-4.01(E).

Plaintiff filed a document titled, in part, "Memorandum in Support of Rule 56 Motion for Summary Judgment," but he failed to provide a Statement of Uncontroverted Material Facts or otherwise set forth how the documents he attached established each fact. In total, Plaintiff attached approximately 125 pages of documents to his Motion and Memorandum, but he cited no specific paragraph or page of any of them. He likewise failed to indicate which document or portions of a document supported which facts. In doing so, he not only failed to follow proper procedure but also failed to establish any material fact. The Court will therefore deny Plaintiff's Motion for Summary Judgement. *See e.g.*, *Maness v. St. Louis Bread Co.*, No. 4:18-cv-1307 JCH, 2019 WL 6170717, at *1 (E.D. Mo. Nov. 20, 2019); *Logan v. Chertoff*, No. 4:07-cv-1948 CAS, 2009 WL 412974, at *1 (E.D. Mo. Feb. 18, 2009). While this Court construes pro se pleadings liberally, "pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983); *accord Mathies v. Mo. Dep't of Soc. Servs.*, No. 1:18-cv-182 ACL, 2020 WL 1888813, at *6 n.1 (E.D. Mo. Apr. 16, 2020).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 37, is **DENIED without prejudice**.

Dated this 19th day of August 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE