UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00550-MTS |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' dueling summary judgment Motions, Docs. [46] and [48].  After considering the Motions and all related materials, the Court finds, based on the undisputed facts, that Defendant is entitled to judgment as a matter of law, so the Court will grant Defendant's Motion and deny Plaintiff's Motion.

## I.    BACKGROUND

A brief recounting of the posture of this case may be useful for clarifying both the factual and procedural background here.  In his Complaint, Plaintiff Benford claimed, among other things, that Defendant Schneider National Carriers, Inc., his former employer, discriminated against him on the basis of race, religion, color, and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.  Doc. [1].  Plaintiff's claims of race, color, and gender discrimination, as well as his claims of harassment and a hostile work environment, were dismissed *sua sponte* by the Court pursuant to 28 U.S.C. § 1915(e) because he failed to exhaust his administrative remedies before bringing the claims in this Court.  *See* Docs. [4]; [23] at 1.  After the Court dismissed those claims, Defendant moved to dismiss Plaintiff's claim of religious discrimination, the only claim remaining before the Court.  Doc. [15].  The Court  denied the

Motion to Dismiss, but it was careful to explain that it was "skeptical of [the religious discrimination] claim," noting that it was "altogether unclear" that Plaintiff invoked his religion by simply asking his supervisor, Jack Filina, to "speak to [him] with respect, as [he] speak[s] to [Filina] with respect via Christ's command of love your neighbor as yourself." *See* Docs. [23] at 5; [1] at 7.  The Court further observed that, according to Plaintiff's Complaint, it was Plaintiff, not Filina, who inserted the issue of religion into their argument.  Doc. [23] at 5.  For those reasons, the Court explained that, though Plaintiff's "bare allegations appear too tenuous to hold defendant responsible for discrimination," it would deny the Motion to Dismiss "out of an abundance of caution." *Id.*

Both parties moved for summary judgment.  In support of his Motion, Plaintiff attached only the following documents: (1) what appears to be a statement of facts from Plaintiff's state-court appeal of the denial of his application for unemployment benefits, Doc. [47-1] at 4–6; (2) a one-page excerpt of a brief in that appeal, *id.* at 7–8; (3) an excerpted transcript of testimony for the appeal, *id.* at 10–13; (4) a copy of the Court's Memorandum and Order denying Defendant's Motion to Dismiss in this case, *id.* at 14–19; and (5) a copy of Defendant's Memorandum in Support of its Motion to Dismiss, *id.* at 20–23.  Plaintiff makes hardly any argument in the Memorandum in support of his Motion, instead making conclusory allegations and statements indicating a misunderstanding of the Court's denial of the Motion to Dismiss. *See id.* at 2–3.  The attached statement of facts—which appears to be taken from Plaintiff's appeal of the denial of unemployment benefits—cites to a transcript that is not in the record before the Court.  Plaintiff has thus failed to comply with the requirement in Local Rule 4.01(E) that any statement of uncontroverted material fact must state "how each fact is established by the record, with appropriate supporting citation[s]."  For that reason, the Court will not heed Plaintiff's recitation

of the facts. *See Cigainero v. Carnival Corp.*, 426 F. Supp. 3d 1299, 1301 (S.D. Fla. 2019) ("The Court notes that several of Plaintiff's facts in her responsive statement of facts are unsupported by record citations. The Court has no obligation to go digging through the record to find the support that Plaintiff has omitted and therefore ignores those factual assertions." (citation omitted) (citing *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997))); *Moreillon v. United States*, 2020 WL 2494646, at \*2 n.2 (N.D. Ill. May 14, 2020) ("The Court has not considered any assertions or denials in [plaintiff's] response to the government's statement of facts that are unsupported by record cites."); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) ("All civil litigants are required to follow applicable procedural rules.").

Defendant, meanwhile, supported its statement of uncontroverted facts with specific citations to the record. *See generally* Doc. [50]. In violation of Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1), Plaintiff failed to respond to several of Defendant's factual assertions and again cited nothing in the record to support his position. *See* Docs. [52], [53]. For those reasons, "[a]ll matters set forth in [Defendant's statement of facts] shall be deemed admitted for purposes of summary judgment." L.R. 4.01(E); *see Freeman v. Adams*, No. 1:12-cv-86-SNLJ, 2014 WL 1056760, at \*5 n.4 (E.D. Mo. Mar. 19, 2014) ("The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1)."). The Court will thus set out the undisputed and relevant factual background as supplied by Defendant in its Motion for Summary Judgment and statement of facts.

Defendant hired Plaintiff in July 2018 as a truck driver. Doc. [50] ¶ 7. At some point thereafter, Plaintiff stopped reporting to work. *Id.* ¶ 10. Plaintiff's supervisor sent him a letter on October 24, 2018 stating that he had tried to contact Plaintiff multiple times and that if he did not

hear from him by October 30, 2018, he would assume Plaintiff chose to "voluntarily terminate [his] employment with [Defendant]." *Id.* ¶ 11.  Plaintiff contacted the supervisor and requested a transfer to Defendant's Home Depot account because it was closer to his home. *See id.* ¶ 12.  The supervisor referred Plaintiff to Jack Filina, a driver business leader for the Home Depot account, and Filina told Plaintiff he would have to commit to working six days a week and complete three consecutive days of Moffett training[1] to be qualified for the position. *Id.* ¶¶ 13–15.  Plaintiff began his Moffett training on November 7, 2018; he did not complete a full day of training on November 8, so he made that day up on November 9. *See id.* ¶¶ 20–23.  He was scheduled to complete the required third day of his training on November 13, 2018, but, claiming car troubles, he did not report to work that day.  He likewise did not report the following day despite Filina's offer to have someone pick him up to drive him to the training. *Id.* ¶¶ 24–25.  Plaintiff did not report to work or attend any training on November 15, 16, 19, 20, or 21, and he never completed the required Moffett training. *Id.* ¶¶ 26–27.

Filina called Plaintiff on November 19 and 20, 2018 but did not reach him. *Id.* ¶ 28. Plaintiff called Filina back on November 21.  What was said on that phone call is at the center of Plaintiff's religious discrimination claim.  On the call, Filina emphasized to Plaintiff "it was critical [he] reported to work on time and asked if he was committed to the Home Depot account." *Id.* ¶ 30.  According to Plaintiff, Filina also instructed Plaintiff that it should not have taken so long to complete the Moffett training, that Filina did not believe Plaintiff was willing to "bust his ass" for the Home Depot account, and that Filina had "no more work" for him. *Id.* ¶¶ 32.  Plaintiff then requested that Filina "speak to [him] with respect, as [he] spoke to [Filina] with respect via Christ's command of love your neighbor as yourself."  Doc. [1] at 7; Doc. [50] ¶ 33.  Filina reiterated that

---

[1] According to Defendant, "[a] Moffett is a specialized form of forklift movement which requires specialized training to be able to operate."  Doc. [50] ¶ 16.

he had no more work for Plaintiff and that he felt Plaintiff was not qualified for the position.  *Id.*

¶ 34; Doc. [50-2] at (119:12–120:7).  At no point during the call did Filina mention religion, nor

had he previously discussed religion with Plaintiff, and he asserts that he is unaware of Plaintiff's

religion.  Doc. [50] ¶¶ 35–38.  Plaintiff's employment with Defendant ended after that phone call;

Plaintiff insists that he was fired, while Defendant maintains that Plaintiff resigned.  Doc. [55] at

12.  Plaintiff urges that Defendant discriminated against him on the basis of his religion, grounding

that assertion on his own invocation of Christ in the November 21, 2018 phone call.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary

judgment if it finds "that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"A genuine issue of material fact exists if a reasonable jury could return a verdict for" the non-

movant.  *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) (quoting *Humphries v.

Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 692 (8th Cir. 2009)).

The moving party bears the initial burden of "informing the district court of the basis for

its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, which it believes demonstrate the

absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323 (internal quotations marks

omitted).  The burden then shifts to the non-movant to "present specific evidence, beyond 'mere

denials or allegations [that] . . . raise a genuine issue for trial.'"  *Farver v. McCarthy*, 931 F.3d

808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, 528 F.3d 1074, 1079 (8th Cir.

2008)).  "Only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude" summary judgment.  *Wierman v. Casey's Gen. Stores*, 638 F.3d 984,

1002 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The

mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient;

there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*,

477 U.S. at 252.  "Self-serving, conclusory statements without support are not sufficient to defeat

summary judgment." *Shirrell v. Saint Francis Med. Ctr.*, 24 F. Supp. 3d 851, 855 (E.D. Mo. 2014).

## III. DISCUSSION

The undisputed facts here lead the Court to conclude that Plaintiff's claims fail as a matter

of law.  To succeed on a Title VII claim of discrimination, a plaintiff must demonstrate that there

is "direct evidence of unlawful discrimination or create an inference of unlawful discrimination

under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S.

792 (1973)." *Shirrell*, 24 F. Supp. 3d at 858.  Because Plaintiff, not Filina, brought religion into

their phone conversation, and Filina had never before discussed religion with Plaintiff, Plaintiff

has not provided any direct evidence of discrimination. *Cf. Twymon v. Wells Fargo & Co.*, 462

F.3d 925, 933 (8th Cir. 2006) ("Direct evidence does not include . . . statements by

nondecisionmakers." (cleaned up) (quoting *Browning v. President Riverboat Casino-Mo., Inc.*,

139 F.3d 631, 635 (8th Cir. 1998))).  As such, the Court will analyze his claim under the burden-

shifting framework of *McDonnell Douglas*.  *See Gibson v. Concrete Equip. Co.*, 960 F.3d 1057,

1062 (8th Cir. 2020).

To succeed on his claim under *McDonnell Douglas*, Plaintiff must first establish a prima

facie case of discrimination by showing that (1) he is a member of a protected class; (2) he was

meeting Defendant's legitimate job expectations; (3) he suffered an adverse employment action;

and (4) similarly situated employees outside the protected class were treated differently. *See id.*

If Plaintiff makes that showing, the burden shifts to Defendant to rebut the presumption of

6

discrimination by providing a legitimate, nondiscriminatory reason for any adverse employment action. *Id.* Finally, if Defendant rebuts that presumption, the burden shifts back to Plaintiff to show pretext. *Id.*

Plaintiff has failed to even make a prima facie case for his claim of religious discrimination. Even assuming he is a member of a protected class and that he suffered an adverse employment action,[2] the evidence before the Court makes clear that he was not meeting Defendant's legitimate job expectations, and Plaintiff has provided no evidence of any similarly situated employees outside the protected class who Defendant treated differently. Plaintiff failed to show up to work numerous times, prompting his supervisor to call him and warn that Defendant would consider him "voluntarily terminated" if he did not hear from him. It appears, then, that Plaintiff was on notice that he needed to show up for work, and if he did not, Defendant might fire him. Then, after Defendant agreed to transfer Plaintiff to a new account, Filina made clear to Plaintiff that his new position required three consecutive days of Moffett training and a commitment to work six days a week. Plaintiff nonetheless never completed his Moffett training, though it appears Defendant gave him multiple opportunities to do so. And Plaintiff himself stated that Filina told Plaintiff that Plaintiff was "unqualified" for the position. It is not the role of district courts to usurp the decision whether to fire an employee, particularly where that employee has not met the employer's explicit requirements for the job. *See Grabovac v. Allstate Oms. Co.*, 426 F.3d 951, 955–56 (8th Cir. 2005) ("It is well-established 'that the employment discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the

---

[2] As noted, Plaintiff claims Defendant fired him, though he points to no record evidence in support of that claim, and Defendant contends he resigned. *Cf. Curby v. Solutia, Inc.*, 351 F.3d 868, 872 (8th Cir. 2003) ("Because she resigned, [plaintiff] cannot show she suffered an adverse employment action."); *Thompson v. Kanabec Cnty.*, 958 F.3d 698, 707 (8th Cir. 2020). This dispute is immaterial, however, since the undisputed facts demonstrate that Plaintiff has not established the remaining elements of his claim.

business judgments made by employers, except to the extent those judgments involve intentional discrimination.'" (quoting *Hutson v. McDonnel Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995))). Plaintiff plainly was not meeting his employer's reasonable job expectations, and he has not pointed to any similarly situated employees who Defendant treated differently than it treated him. It is Plaintiff's burden to establish a prima facie case of discrimination, and he has not done so here.

Even if Plaintiff had carried his burden of establishing a prima facie case of religious discrimination, for the reasons already discussed, Defendant has carried its burden of demonstrating a legitimate, nondiscriminatory reason for firing Plaintiff: he failed to report to multiple days of work and failed to complete required training for his position. Under *McDonnell Douglas*, the burden would then shift back to Plaintiff to show that those reasons for firing him were pretextual. But, as the undisputed record reflects that Filina never mentioned or alluded to Plaintiff's faith either prior to, during, or after the November 21, 2018 phone call, Plaintiff has not provided any evidence of pretext here. Instead, the record suggests that Plaintiff's failure to meet the requirements of his job led to the end of his employment with Defendant. *Cf. Shirrell*, 24 F. Supp. 3d at 860–61. The Court therefore cannot grant Plaintiff's Motion for Summary Judgment, as no reasonable trier of fact could find for him on his claim for religious discrimination. By the same token, Defendants are due judgment as a matter of law.

### CONCLUSION

Plaintiff failed to provide sufficient evidence in support of his claims for religious discrimination; he has neither provided direct evidence of religious discrimination nor established a prima facie case of discrimination. Defendant, meanwhile, has demonstrated that Plaintiff's employment with Defendant ended after Plaintiff failed to meet Defendant's reasonable

requirements for his employment and also after he failed to report to work on multiple occasions. The Court has no grounds for finding that Defendant discriminated against Plaintiff on the basis of religion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Schneider National Carriers, Inc.'s Motion for Summary Judgment, Doc. [48], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. [46], is **DENIED**.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 19th day of July, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE